UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIMACO LOPEZ,<br><br>                              Petitioner,<br><br>v.<br><br>RAYMOND HADDEN, Warden,<br><br>                              Respondent. | Case No.: 15-cv-2810 BTM (JLB)<br><br>**REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.   INTRODUCTION

Presently before the Court is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") of Climaco Lopez, a state prisoner proceeding *pro se*. (ECF No. 1.) Respondent filed an answer to the Petition (ECF No. 13), and Petitioner did not file a traverse.

United States Magistrate Judge Jill L. Burkhardt submits this Report and Recommendation to United States District Judge Barry Ted Moskowitz pursuant to 28 U.S.C. § 636(b)(1)(B), Local Civil Rule HC.2 of the Local Rules of Practice for the United States District Court for the Southern District of California.  After a thorough review of the record, and for the reasons set forth below, the Court **RECOMMENDS** the Petition be **DENIED**.

## II.   PROCEDURAL HISTORY

On June 27, 2013, the San Diego County District Attorney filed an information on behalf of the people of the State of California in the Superior Court of California, County

of San Diego, North County Division charging Petitioner with six counts of sexual intercourse/sodomy with a child ten years old or younger in violation of California Penal Code section 288.7(a) (counts one, two, three, four, five, and six), six counts of committing a forcible lewd act upon a child in violation of California Penal Code section 288(b)(1) (counts seven, eight, nine, ten, eleven, and twelve), and two counts of making a criminal threat in violation of California Penal Code section 422 (counts thirteen and fourteen). (ECF No. 14-5 at 2-5.) As to count thirteen, the information further alleged Petitioner personally used a deadly weapon, a knife, within the meaning of Penal Code section 1192.7(c)(23). (*Id.* at 5.)

On August 15, 2014, Petitioner pleaded guilty to three counts of sexual intercourse/sodomy with a child ten years old or younger in violation of Penal Code section 288.7(a) (counts one, three, and five). (ECF No. 14-1 at 6-7; ECF No. 14-2.) On September 23, 2014, Petitioner was sentenced to twenty five years to life in state prison. (ECF No. 14-3 at 1.) Petitioner is currently in custody at the Centinela State Prison in Imperial, California. (ECF No. 14-6 at 2.)

Petitioner did not appeal his conviction, but instead filed a petition for writ of habeas corpus in the California Superior Court in case number HCN1396 on June 1, 2015. (ECF No. 14-6.) In his petition before the Superior Court, Petitioner claimed (1) his counsel was ineffective, and (2) the state court violated the Fifth Amendment and Federal Rule of Criminal Procedure 11(b) when it purportedly failed to personally address Petitioner in open court to confirm that he accepted the plea with full knowledge and understanding. (*Id.* at 3-12.) The Superior Court denied Petitioner's writ on June 30, 2015. (ECF No. 14-7.)

Petitioner appealed this decision by filing another petition for writ of habeas corpus in the California Supreme Court in case number S228680 on August 17, 2015. (ECF No. 14-8.) In that Petition, Petitioner again claimed his counsel was ineffective on substantially similar bases: (1) failing to interview a "material witness," (2) misadvising him about his sentence, and (3) coercing him into accepting the plea. (*Id.* at 3-13.) Petitioner also

claimed that the trial court should not have accepted his guilty plea because it was involuntary. (*Id.*) On November 10, 2015, the California Supreme Court summarily denied Petitioner's petition of habeas corpus with a citation to *People v. Duvall*, 9 Cal.4th 464, 474 (1995). Respondent does not assert that Petitioner failed to exhaust his claims, so this Court presumes the California Supreme Court adjudicated Petitioner's claims on the merits.[1] (ECF No. 14-9.)

On December 14, 2015, Petitioner filed this Petition. (ECF No. 1.) Respondent filed an answer to the Petition on June 9, 2016. (ECF No. 13.) Petitioner did not file a traverse.[2]

### III. SCOPE OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern federal habeas corpus petitions. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, a petition for habeas relief will not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d) (quotations omitted); *see also Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A court may grant habeas relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Lockyer v. Andrade*, 538 U.S. 63, 72 (2003); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). A court may grant habeas relief under the "unreasonable determination" clause if the state court correctly identified the governing legal principle from Supreme

---

[1] *Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.")

[2] This Court set July 15, 2016 as Petitioner's deadline to file a traverse. (ECF No. 12 at 2.)

Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id*. In performing this analysis, the court presumes factual findings made by the state court to be correct, and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Lambert v. Blodgett*, 393 F.3d 943, 971-72 (9th Cir. 2004). Clear and convincing means that the court "must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004).

In deciding a petition for writ of habeas corpus, a federal court is not called upon to decide whether it agrees with the state court determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004); *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991).

**IV.   DISCUSSION**

Petitioner raises two claims in his petition. First, in Ground One, Petitioner claims his trial attorney was ineffective when he advised Petitioner to enter a plea because counsel purportedly (1) failed to "investigate any avenue of defense" and failed to spend a sufficient amount of time with Petitioner, (2) misadvised Petitioner about the consequence of his plea and the nature of his plea deal, and (3) coerced Petitioner into pleading guilty. (ECF No. 1 at 6-11.) Second, in Ground Two, Petitioner claims the trial court violated both "Court Rule 11(b)(1)" and the Fifth Amendment because the court "failed to ensure that

Petitioner's plea was with knowledge and understanding"; was voluntary and did not result from "force, threat or promises"; and was supported by a factual basis. (*Id.* at 12-13.)

### A. Ineffective Assistance of Counsel Claim

As to Ground One, Petitioner contends his Sixth Amendment right to effective assistance of counsel was violated by his trial attorney for the reasons set forth above when he advised Petitioner on his plea.

The Sixth Amendment guarantees certain rights to criminal defendants, including the right to effective assistance of counsel. U.S. Const. amend. VI. For a petitioner to succeed on a claim of ineffective assistance of counsel, he must satisfy both prongs of the two-prong test established by the United States Supreme Court in *Strickland v. Washington*: (1) that counsel's performance was *deficient*; and (2) the deficient performance *prejudiced* his defense. 466 U.S. 668, 691-92 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (reaffirming *Strickland* and applying it to ineffective assistance claims arising out of guilty pleas). While a petitioner must satisfy both prongs, a court is not required to address both prongs if the petitioner makes an insufficient showing on one prong. *Strickland*, 466 U.S. at 697. "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2001) (citing *Strickland*, 466 U.S. at 688).

Prong one, the deficiency prong, requires a petitioner to identify "material, specific errors and omissions" showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991); *Strickland*, 466 U.S. at 688. Conclusory allegations not supported by a statement of specific facts do not warrant habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988). In determining whether a petitioner has met his burden under *Strickland*, "a court must

indulge a *strong presumption* that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (emphasis added).

Prong two, the prejudice prong of the *Strickland* test, requires a showing that counsel's alleged constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In order to satisfy the prejudice prong in the context of guilty pleas, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*; *see also Strickland*, 466 U.S. at 694.

In *Harrington*, the Supreme Court discussed the application of *Strickland* to ineffective assistance of counsel claims and its relationship to § 2254(d)'s deferential standard of review. 562 U.S. 86, 86 (2011). When analyzing an argument under *Strickland* in the context of § 2254(d), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable," which is a different question from "asking whether defense counsel's performance fell below *Strickland's* standard." *Id.* at 101.

Petitioner raised Ground One – his ineffective assistance of counsel claims – in his habeas corpus petitions before the California Superior Court (ECF No. 14-6 at 3-6) and the California Supreme Court (ECF No. 14-8 at 3-6). The California Supreme Court denied the petition without comment (ECF No. 14-9), and thus, there is no reasoned decision from the state's highest court. Therefore, this Court "looks through" to the underlying Superior Court decision and presumes that it provides the basis for the higher court's denial of Petitioner's claims. *See Ylst*, 501 U.S. at 804.

As to one specific component of Petitioner's ineffective assistance of counsel claim, the complaint that his attorney failed to investigate and interview an unidentified "material witness," Respondent argues that the case of *Tollett v. Henderson,* 411 U.S. 258, 267 (1973), is dispositive. Specifically, Respondent argues that Petitioner's guilty plea operated as a break in the chain, barring Petitioner from challenging any pre-plea constitutional violations. However, in making this argument, Respondent misconstrues Petitioner's claim. The holding in *Tollett* to does not apply here.

In *Tollett,* the petitioner sought habeas relief on the grounds that "he was deprived of his constitutional right because Negroes had been excluded from the grand jury that indicted him . . . ." 411 U.S. at 267. The Supreme Court held:

> [A] guilty plea represents a break in the chain of events which has preceded it in criminal process. . . [Petitioner] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*Id.* at 267. The Supreme Court further explained that if the plea is voluntarily and intelligently entered, it will not be vacated because defense counsel did not advise on "every conceivable constitutional plea in abatement . . . ." *Id.* However, the Supreme Court in *Tollett* distinguished those cases where counsel's pre-plea deficiencies are alleged to have impacted the voluntariness and informed nature of the plea itself.

> Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof [relating to ineffective assistance of counsel]. Thus, while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief.

*Id.* at 266-67. Therefore, *Tollett* bars federal habeas review of claims of ineffective assistance of counsel that both preceded and are *not related* to the validity of the plea. *See id.* at 266; *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) *overruled on other grounds* (relying on *Tollett* to decline considering petitioner's allegation that his counsel was ineffective for failing to prevent the use of his confession because it is a "pre-plea constitutional violation").

Petitioner ties his allegations regarding the deficiencies of counsel's pre-plea investigation to the validity of his guilty plea, and specifically the intelligent and informed nature of his guilty plea, alleging:

> It is difficult to determine when an attorney's preparation, prior to advising a client to plea[d] guilty is so insufficient as to constitute ineffective assistance. [Petitioner] believes that in this case, [counsel's ineffectiveness] had to do with the amount of time or the lack of time spent [sic] between the defense counsel and appellant, or the lack of time spent investigating the fact of the claim. And at the very least [sic] counsel should, as he must, be sure that appellant was admitting guilt knowingly and voluntary[il]y. Advising a guilty plea without investigating the client's only potential defense usually constitutes ineffective assistance.

(Pet. at 10.) According to Petitioner, his plea was not intelligently entered because his counsel did not have the necessary information to assess the advantages and disadvantages of trial versus a guilty plea. Therefore, the Court concludes that *Tollett* does not bar habeas review.

Accordingly, the Court turns to whether the underlying state court's decision denying relief for Petitioner's Ground One claims was objectively reasonable. The state court denied relief based on its application of the *Strickland* test. In doing so, the court provided the following rationale:

> A petitioner may seek habeas corpus relief if he accepted a plea bargain as the result of incompetent advice from defense counsel, and there is a reasonable probability that, but for counsel's ineffective assistance, the defendant would not have pleaded guilty and would have insisted on proceeding to trial. (*Hill v. Lockhart* (1985) 474 U.S. 52, 58-59; *In re Alvernaz* (1992) 2 Cal.4th 924, 936-938.)
>
> To show ineffective assistance of counsel Petitioner must make a showing that his attorney's actions in advising him to take the plea were not an informed choice among tactical alternatives. *People v. Pope* (1979) 23 Ca1.3d 412, 424. Petitioner must also show that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *In re Jackson* (1992) 2 C.4th 578. The burden of proving a claim of ineffective assistance of counsel is on the petitioner. He must also show that it is reasonably probable a more favorable result would have been obtained in the absence of counsel's failings. *People v. Duncan* (1991) 53 Cal. 3d 955, 966. It does not appear that Petitioner's attorney was ineffective when he advised him to accept a plea of 25 years to life when he faced an indeterminate term of up to

> 150 years to life plus additional time in prison for various determinate terms.
>
> Further, even assuming that Petitioner could establish that his attorney was ineffective, he could not credibly establish that a more favorable result was reasonably probable or that he would insist on proceeding to trial. The Court can deny a Petition for Writ of Habeas Corpus based on the credibility of the Petitioner's declarations or statements in support of the petition. *In re Alvernaz* (1992) 2 Ca1.4th 924, 945-946. In *Alvernaz*, the Petitioner's statements were self-serving and uncorroborated and, therefore, lacked credibility. Here, Petitioner's statements are also self-serving, and uncorroborated.

(ECF No. 14-7 at 2.) Thus, the state court determined that Petitioner failed to satisfy the *Strickland* test for his Ground One claims.

The Court concludes that the state court reasonably applied the *Strickland* test in concluding Petitioner failed to demonstrate that his counsel provided ineffective assistance. To succeed on his ineffective assistance of counsel claim, Petitioner was required to identify the material, specific errors or omissions that show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Petitioner identified none.

Instead, Petitioner first argues in a conclusory fashion that his counsel's advice was deficient because counsel failed to sufficiently familiarize himself with Petitioner's case by communicating regularly with Petitioner, failed to pursue any and all defenses, failed to conduct any precursory or pretrial investigations, and failed to interview or pursue "material" witnesses. (Pet. 7-10.)  Petitioner does not present evidence or articulate any specific facts in support of this argument.  For example, as to his allegation regarding counsel's failure to interview material witnesses, Petitioner fails to identify a single witness who he contends would have provided favorable testimony. *Dows v. Wood*, 211 F.3d 480, 486-87 (9th Cir. 2000) (rejecting habeas petition's ineffective assistance claim because "there is no evidence in the record that this witness actually exists, other than from [Petitioner's] self-serving affidavit. . . . [and] no evidence that this witness would have

9

1 provided helpful testimony for the defense"). Therefore, the state court reasonably concluded that Petitioner failed to demonstrate his trial attorney provided ineffective assistance of counsel in preparing Petitioner's case.

Next, Petitioner argues in Ground One that his trial counsel provided ineffective assistance because counsel purportedly did not advise Petitioner that his guilty plea included a life sentence. (ECF No. 1 at 7.) Petitioner pleaded guilty to three counts of sexual intercourse/sodomy with a child ten years old or younger in violation of Penal Code section 288.7(a) in exchange for a "stipulated term in the State penitentiary of 25 years to life." (ECF No. 14-1 at 4, 6-7; ECF No. 14-2.) According to Petitioner, counsel advised Petitioner that this guilty plea would lead to a 25 year sentence only. (*Id.*) Generously construed, Petitioner contends that his plea was unintelligent and involuntary because his counsel failed to advise him as to the consequences of his guilty plea.

Failing to adequately advise of the consequences of the plea may satisfy the *Strickland* test. *See, e.g.*, *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (holding that a gross mischaracterization of the likely outcome of the plea, combined with erroneous advice on the possible effects of going to trial, fell below the level of competence required for a defense attorney). Here, however, the transcript from Petitioner's change of plea hearing demonstrates that at the time he pleaded guilty Petitioner knew he would receive a stipulated sentence of "25 years to life" and that he was waiving certain constitutional rights. (ECF No. 14-1 at 4-7.) The trial court engaged in the following colloquy; confirming no less than three times that Petitioner understood he could receive a life sentence as a consequence of his guilty plea:

> Q [Court]. This form indicates that you are going to be pleading to Counts One, Three, and Five. Each of those are felony counts, a violation of Penal Code Section 288.7(a). The D.A. has agreed to dismiss the balance, and you will be receiving a stipulated term in the State penitentiary of *25 years to life*. Is that your understanding of the agreement in this case?
> A [Petitioner]. *Yes*.
> . . . .

> Q [Court]. You have the following Constitutional rights: The right to a speedy and public trial by jury; the right to confront and cross-examine witnesses; the right to remain silent; and the right to present evidence on your behalf. Do you understand those rights?
> A [Petitioner]. Yes.
> Q [Court]. Do you now give up those rights so that you can plead guilty this morning?
> A [Petitioner]. Yes.
> Q [Court]. Do you understand that the maximum possible consequence of your plea is *life imprisonment--*
> A [Petitioner]. *Yes.*
> . . . .
> Q [Court]. Do you understand that you will be serving a *life term in the State penitentiary as a result of this plea?*
> A [Petitioner]. *Yes.*

(ECF No. 14-1 at 4-6 (emphasis added).)

On this record, the state court reasonably concluded that even if Petitioner could establish that counsel failed to advise Petitioner that his plea bargain included a life sentence, Petitioner cannot satisfy the prejudice prong of the *Strickland* test. Indeed, the record supports the conclusion that Petitioner understood the life sentence of his plea by the time of Petitioner's change in plea hearing. Further, there was no evidence beyond Petitioner's present self-serving and uncorroborated statements that, but for his counsel's failure to properly advise him of the penalties he faced, Petitioner would have insisted on proceeding to trial. As a result, it was reasonable for the state court to conclude that the outcome of the plea process was unaffected by counsel's alleged (and unsubstantiated) failure to advise Petitioner of both his waiver of rights and the "life" portion of his "25 years to life" stipulated sentence. Thus, the state court reasonably applied *Strickland* in denying Petitioner's claim.

Petitioner's final argument in Ground One is that his trial counsel coerced Petitioner into accepting his plea bargain, which allegedly violated Petitioner's Sixth Amendment right to effective assistance of counsel. He explains his claim as follows:

> The defense counsel through the interpreter, told appellant, that he only have two options (1) go to prison for the rest of his life or (2) take the

>plea[] offered by the prosecution, but never told him that on the plea offered was also the possibility of spending the rest of his life in prison. . . . Appellant ignoring his rights agreed to the plea offered, was contrary to his voluntari[]ness, where he wanted to confront his accuser, but for the misadvise of his counsel, who he trusted. . . . And recom[m]ended a plea deal with the fact that it is the plea or life behind prison walls. . . . Forcing a client to plea[d] guilty despite his repeated protestations of innocence, is generally ground for reversal.

(ECF No. 1 at 6-7, 9-10.)

A plea is involuntary if it is the product of threats, improper promises, or other forms of wrongful coercion. *Brady v. United States*, 397 U.S. 742, 748 (1970). A plea is unintelligent if the defendant is without the information necessary to assess the advantages and disadvantages of a trial as compared to entering a guilty plea. *Hill*, 474 U.S. at 56. The representations made by a defendant at the plea hearing carry a "strong presumption of verity" and "constitute a formidable barrier" to a defendant challenging the voluntariness of the plea in a collateral proceeding. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Petitioner included some of the same allegations of coercion in arguing ineffective assistance of counsel within his petitions to the California Superior Court and the California Supreme Court. (ECF Nos. 14-6 and 14-8.) The state court rejected Petitioner's allegations of coercion in the context of analyzing his ineffective assistance of counsel claims, although it did not specifically reference coercion.[3] Within its analysis, the state court found Petitioner's allegations to be "self-serving and uncorroborated" statements and concluded "he could not credibly establish that a more favorable result was reasonably probable or that he would insist on proceeding to trial." (ECF No. 14-7 at 2.) Thus, the state court addressed Petitioner's allegations of ineffective assistance of counsel, which included Petitioner's allegations of coercion, and concluded that Petitioner failed to make

---

[3] As set forth above, the California Supreme Court denied the petition without comment (ECF No. 14-9), and thus, there is no reasoned decision from the state's highest court. Therefore, this Court "looks through" to the underlying Superior Court decision and presumes that it provides the basis for the higher court's denial of Petitioner's claims. *See Ylst*, 501 U.S. at 804.

a sufficient showing that warrants relief under either of the *Strickland* prongs. (ECF No. 14-7 at 2); *see also Harrington,* 562 U.S. at 99 ("it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary").

Here, the evidence in the record provides strong support for the state court's conclusion that Petitioner's coercion claim failed to establish ineffective assistance of counsel under *Strickland*. Petitioner pleaded guilty and then confirmed his understanding of the plea agreement as well as the voluntariness of his agreement under oath in front of a judge. (ECF No. 14-1 at 4-7.) Specifically, Petitioner confirmed that no one "made any other promise or . . . threatened [him] in order to get [him] to plead guilty." (*Id.* at 4-5.) Petitioner did all of the above with the assistance of a Spanish-speaking interpreter. (*See* ECF No. 14-1 at 3.) In accepting Petitioner's guilty plea, the trial court found that Petitioner made a "voluntary, knowing and intelligent waiver of his Constitutional rights" and that there was "a factual basis for the plea." (ECF No. 14-1 at 8.) This Court concludes that the state court reasonably determined that Petitioner failed to meet his burden to demonstrate that his plea was involuntary.

In sum, the state court's adjudication of Petitioner's Ground One challenges to his guilty plea on the basis of alleged ineffective assistance of counsel was neither contrary to, nor an unreasonable application of federal law. Further, the state court's adjudication of Ground One also was based on a reasonable determination of the facts in light of the evidence presented at the state court proceeding. Therefore, for the reasons stated above, the Court **RECOMMENDS** habeas relief be **DENIED** as to Ground One.

**B. Claim that Trial Court Failed to Ensure Guilty Plea was Knowing and Voluntary**

As to Ground Two, Petitioner argues that the trial court violated Rule 11(b)(1) and the Fifth Amendment because it "failed to ensure that Petitioner's plea was with knowledge and understanding." (ECF No. 1 at 12.) Petitioner raised this claim in his habeas corpus petitions before the California Superior Court (ECF 14-6 at 12) and the California Supreme

Court (ECF No. 14-8 at 12). The California Supreme Court denied the petition without comment (ECF No. 14-9), and thus, there is no reasoned decision from the state's highest court. Therefore, this Court "looks through" to the underlying Superior Court decision and presumes that it provides the basis for the higher court's denial of Petitioner's claims. *See Ylst*, 501 U.S. at 804.

The California Superior Court denied Petitioner's Ground Two claiming the trial court failed to ensure the voluntariness of his guilty plea as follows: "Petitioner also asserts that the trial Court failed to inform him of his constitutional rights. However, Petitioner's plea form and the minutes of his August 15, 2014 plea hearing both clearly show that he was advised of his constitutional rights and waived them when he entered his plea." (ECF No. 14-7 at 2.) For reasons set forth below, this Court concludes that the California Superior Court reasonably determined that Petitioner was "advised of his constitutional rights and waived them when he entered his plea" in light of the evidence presented at the state court proceeding.

1. <u>Fifth Amendment</u>

Petitioner claims habeas relief should be granted because the trial court violated the Fifth Amendment when the court purportedly failed to ensure that his plea was voluntary. (ECF No. 1 at 12.) Also, according to Petitioner, the trial court was required to "determine that there [was] a factual basis for the plea" but failed to do so in his case. (*Id.* at 13.)

Because a defendant waives several constitutional rights when he enters into a guilty plea, the waiver must be "an intentional relinquishment or abandonment of a known right or privilege" in order to be valid under the due process clause. *McCarthy v. United States*, 394 U.S. 459, 466 (1969) (*citing Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A guilty plea violates due process and is therefore void if a defendant does not enter into the plea knowingly and voluntarily. *Id.* at 466. A plea may be involuntary "either because the accused does not understand the nature of the constitutional protections that he is waiving [or] because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13

(1976). Further, a guilty plea "cannot be voluntary in the sense that it constitutes an intelligent admission that [the accused] committed the offense unless [the accused] received 'real notice of the true nature of the charge against him.'" *Morgan*, 426 U.S. at 645 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

The "constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The Supreme Court in *Bradshaw* held that the defendant had been properly informed of the nature of the charges against him because "his attorneys represented on the record that they had explained to [defendant] the elements of the aggravated murder charge [and because defendant] himself then confirmed that this representation was true." *Id.* at 183. In contrast, the Supreme Court in *Henderson* held that the defendant did not receive adequate notice of the charge against him because neither the trial judge nor defense counsel explained the nature of the charge to defendant. *See Henderson*, 426 U.S. at 647. On these facts, the Supreme Court concluded that the defendant's plea in *Henderson* was involuntary in violation of the Constitution. *See id.*

Here, the state court reasonably determined that Petitioner's plea was not involuntary in violation of the Fifth Amendment and, thus, that the trial court satisfied its constitutional obligations. The court's conclusion is supported by (1) the court's colloquy with Petitioner during the plea hearing, and (2) Petitioner's signature on the plea form. (ECF No. 14-1; ECF No. 14-2; ECF No. 14-1 at 4.)

First, the state court reasonably determined that Petitioner entered into the guilty plea knowingly and voluntarily through its inquiry at the plea colloquy. During the plea hearing, the trial court asked Petitioner "Do you understand the charges against you, possible defenses to the charges, and consequences of your plea of guilty?" to which Petitioner answered "Yes." (ECF No. 14-1 at 4.) Furthermore, the trial court informed Petitioner of his constitutional rights and confirmed that Petitioner understood that those rights would be waived if Petitioner pleaded guilty. (*Id.* at 5.) The trial court next laid out

the maximum possible consequences of Petitioner's guilty plea, which included life imprisonment, a $10,000 fine, lifetime parole, possible deportation, a life term in the State penitentiary, registration as a sex offender, and an extended period of involuntary commitment under the Sexually Violent Predator law. (*Id.* at 5-6.) The Court asked Petitioner directly if Petitioner understood each of those consequences individually, to which Petitioner responded "Yes." (*Id.*) Finally, after confirming Petitioner understood the consequences of his plea, the court asked Petitioner in simple terms "Are you pleading guilty because you unlawfully engaged in sexual intercourse with a child under ten years old on three separate occasions?" to which Petitioner responded "Yes." (*Id.* at 7.)

Next, the state court reasonably determined that Petitioner entered into the guilty plea knowingly and voluntarily because Petitioner's signature and initials on the plea form demonstrate Petitioner's understanding of the specific charges against him and the consequences of his plea. The plea form reiterates the charges against Petitioner and the constitutional rights Petitioner forgoes in pleading guilty. (ECF No. 14-2.) The trial court even went as far as to ask Petitioner during the plea hearing if he recognized the plea form, if Petitioner signed and initialed the form "after [Petitioner] read and understood everything on the form," and if Petitioner had the correct understanding of the agreement laid out on the plea form. (*Id.* at 4.) In response to all of these questions, Petitioner responded "Yes." (*Id.*) Additionally, Petitioner's initials in the box next to Question 7f on the plea form indicate that his attorney explained to him all other possible consequences of his guilty plea. (ECF No. 14-2 at 2.)[4]

2. Rule 11(b)(1)

Petitioner also claims the trial court violated "Court Rule 11(b)(1)" when it purportedly failed to ensure that his plea was voluntary. (ECF No. 1 at 12.) Although

---

[4] Specifically, Petitioner indicated on the plea form at Question 7f that he understood the following were possible consequences of his guilty plea: Consecutive sentences; Lifetime registration as a sex offender; Cannot possess firearms or ammunition; Blood test and saliva sample; Priorable (increased punishment for future offenses); Prison prior; Mandatory imprisonment; Mandatory State Prison; Sexually Violent Predator Law; Reduced conduct/work credits; Loss of public assistance; AIDS education program.

Petitioner does not specifically identify the "Court Rule" to which he is referring, this Court presumes Petitioner is referring to Rule 11(b)(1) of the Federal Rules of Criminal Procedure, which sets forth district courts' responsibilities when considering and accepting guilty pleas in federal court. Fed. R. Crim. P. 11(b)(1). Rule 11(b)(1) is binding on "all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States," but Rule 11 does not govern state court proceedings. Fed. R. Crim. P. 11(a)(1). Because Petitioner pleaded guilty in state court and Federal Rule of Criminal Procedure 11 only applies in federal court proceedings, Rule 11 is not applicable here.

Even if Rule 11(b)(1) were applicable here, Petitioner still fails to demonstrate that the state court erred when it determined that the trial court satisfied its obligation to ensure that his plea was voluntary. To comply with Rule 11(b)(1), a judge must "inquire into the defendant's understanding of the nature of the charge and the consequences of his plea" and "the judge [must] satisfy himself that there is a factual basis for the plea." *McCarthy*, 394 U.S. at 467. In *McCarthy*, the Supreme Court found a defendant's plea involuntary in violation of Rule 11(b)(1) because the district judge did "not personally inquire whether the defendant understood the nature of the charge." *Id.* at 464.

Here, unlike in *McCarthy*, the trial court judge repeatedly inquired into Petitioner's understanding of the nature of the charge and the consequences of his plea as addressed more thoroughly above. Given the extent of the court's inquiry into Petitioner's understanding of the charge, a reasonable conclusion is that the court fell well within the requirements laid out in Rule 11. It follows that the California Superior Court's finding that Petitioner was "advised of his constitutional rights and waived them when he entered his plea" was a reasonable determination of the facts in light of the evidence presented.

Therefore, the state court's adjudication of Petitioner's Ground Two challenges to his guilty plea was neither contrary to, nor an unreasonable application of federal law. Further, the state court's adjudication of Ground Two also was based on a reasonable determination of the facts in light of the evidence presented at the state court proceeding.

Therefore, for the reasons stated above, the Court **RECOMMENDS** habeas relief be **DENIED** as to Ground Two.

### C. Request for Evidentiary Hearing

Petitioner also requests an evidentiary hearing. (ECF No. 1 at 13.) Evidentiary hearings in § 2254 habeas cases are governed by AEDPA, which "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). The provisions of 28 U.S.C. § 2254(e)(2), included below, control this decision:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —
>
> (A) the claim relies on —
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

In order to determine whether to grant an evidentiary hearing, the Court must first "determine whether a factual basis exists in the record to support the petitioner's claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 669 (9th Cir. 2005) (citing *Baja*, 187 F.3d at 1078). If such a factual basis does not exist, then the Court must "ascertain whether the petitioner has 'failed to develop the factual basis of the claim in State court.'" *Id.* at 669-70.

A district court's ability to conduct an evidentiary hearing is further limited by the Supreme Court's decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011). *See Stokley v.*

*Ryan*, 659 F.3d 802, 809 (9th Cir. 2011) (noting the decision in *Pinholster* "dramatically changed the aperture for consideration of new evidence" in federal habeas courts). Pursuant to *Pinholster*, a federal court may not consider new evidence developed at a federal court evidentiary hearing on claims adjudicated on the merits in state court unless both the standard set forth in § 2254(d) and the standard set forth in § 2254(e)(2) are satisfied. *Pinholster*, 563 U.S. at 184-85. Therefore, a court must first review the state courts' rejection of a petitioner's claims decided on the merits to determine whether a petitioner has "satisfied § 2254(d)(1)'s threshold obstacle to federal habeas relief." *Id.* at 206 (Sotomayor, J., dissenting). This review is limited to the state court record. *Id.*

Here, all of Petitioner's claims were adjudicated on the merits by the state courts. (*See* ECF No. 14-7.) Thus, Petitioner can only proceed to develop additional evidence if either 28 U.S.C. § 2254(d)(1) or (d)(2) is first satisfied. *See Sully v. Ayers*, 725 F.3d 1057, 1076 (9th Cir. 2013) (citing *Pinholster*, 563 U.S. at 203, n.20) ("[A]n evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief."). For all the reasons discussed above in sections V.A.-V.B. of this Report and Recommendation, Petitioner has failed to satisfy § 2254(d). Accordingly, Petitioner's request for an evidentiary hearing should be **DENIED**.

## V. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered **DENYING** the Petition.

**IT IS ORDERED THAT** any party to this action may file written objections with the District Court and serve a copy on all parties no later than **December 12, 2016**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED THAT** any reply to the objections shall be filed with the District Court and served on all parties no later than **December 27, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to

1  raise those objections on appeal of the District Court's order.  *See Turner v. Duncan*, 158
2  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).
3  **IT IS SO ORDERED.**
4  Dated:  November 21, 2016

   Hon. Jill L. Burkhardt
   United States Magistrate Judge