# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

CLIMACO LOPEZ,

                                    Petitioner,

v.

RAYMOND HADDEN, Warden,

                                    Respondent.

Case No. 15cv2810-BTM (JLB)

**ORDER:**

**(1) ADOPTING AS MODIFIED THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**

**(2) DENYING PETITION FOR A WRIT OF HABEAS CORPUS; and**

**(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

      Petitioner Climaco Lopez is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his convictions from the San Diego County Superior Court, obtained as a result of a guilty plea, and the resultant sentence of twenty five years to life in state prison, claiming that he received ineffective assistance of counsel in connection to his plea, and that his plea was not knowing and voluntary. (Id. at 6-13.) Presently before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Jill L. Burkhart. (ECF No. 15.) The Magistrate Judge recommends denying habeas relief

based on a finding that the adjudication of Petitioner's claims by the state court is neither contrary to, nor involves an unreasonable application of, clearly established federal law, and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. (R&R at 5-18, citing 28 U.S.C. § 2254(d) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.")) No objections to the R&R have been filed.

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). With the following modifications, the Court adopts the findings and conclusions of the Magistrate Judge, denies the Petition, and declines to issue a Certificate of Appealability.

Petitioner presented his claims to the state supreme court in a habeas petition, which was denied in an order that stated: "The petition for writ of habeas corpus is denied. (See People v. Duvall (1995) 9 Cal.4th 464, 474.)" (Lodgment No. 9.) The only other state court to which the claims were presented was the superior court, in a habeas petition which was denied on the basis that Petitioner had not set forth sufficient factual support for his claims. (Lodgment No. 7.) The Magistrate Judge found that the claims were "adjudicated on the merits" within the meaning of 28 U.S.C. § 2254(d), because the state supreme court order was presumed to be a denial on the merits of the claims, and that this Court could "look though" that order and apply § 2254(d) to the last reasoned state court opinion

addressing the claims, the superior court order. (R&R at 3 n.1, citing Harrington v. Richter, 562 U.S. 86, 89 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits *in the absence of any indication or state-law procedural principles to the contrary*.") (emphasis added) and R&R at 4, 6, 14, citing Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991) (holding that there is a presumption "[w]here there has been one reasoned state judgment rejecting a federal claim, *later unexplained orders* upholding that judgment or rejecting the same claim rest upon the same ground.") (emphasis added).)

It does not appear that the Ylst presumption applies to the state supreme court order because it is not an unexplained order, but cites to page 474 of the Duvall opinion as its reason for denying relief. It also does not appear that the Harrington presumption applies because a citation to page 474 of the Duvall opinion "may mean 'the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.'" Medley v. Runnels, 506 F.3d 857, 869 (9th Cir. 2007) (en banc) (Opinion of Ikuta, Circuit Judge, dissenting), quoting Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974); see also Pombrio v. Hense, 631 F.Supp.2d 1247, 1251-52 (C.D. Cal. 2009) (noting that a Duvall citation points to a correctable defect and therefore does not support exhaustion). In Medley, unlike here, Respondent did not expressly waive the exhaustion requirement, and the district court was therefore required to determine whether state court remedies still existed. Medley, 506 F.3d at 869, citing 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.") Respondent here has expressly waived the exhaustion requirement by admitting in the Answer that Petitioner's claims are exhausted. (Ans. at 2.) However, there is no need for this Court to determine whether Petitioner has exhausted state court remedies, or whether his claims were adjudicated on the merits in state court, because it is clear for the reasons set forth in the R&R that the claims fail under a de novo review. See Berghuis v. Thompkins, 560

U.S. 370, 390 (2010) (holding that when it is unclear whether AEDPA deference applies, a federal habeas court may conduct a de novo review to deny a petition but not to grant one); see also 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

The Magistrate Judge conducted a thorough and well-reasoned analysis of Petitioner's claims, which included a detailed examination of the state court record as required to address claims challenging the voluntariness of a guilty plea. (R&R at 9-17.) The Magistrate Judge correctly found that Petitioner had failed to demonstrate deficient performance of counsel in connection to the guilty plea, failed to show prejudice arising from the alleged deficient performance, and that the state court record clearly showed that Petitioner's guilty plea was knowing and voluntary. (Id.) The Court adopts those findings and conclusions, with the modification that even under a de novo review of the claims, Petitioner is not entitled to federal habeas relief for the reasons set forth in the R&R.

The Magistrate Judge recommended denying Petitioner's request for an evidentiary hearing based on the finding that 28 U.S.C. § 2254(d) had not been satisfied. (R&R at 19.) The Court modifies that finding and recommendation and declines to hold an evidentiary hearing because, for the reasons set forth in the R&R, Petitioner's allegations, even if true, do not entitle him to habeas relief. See Campbell v. Wood, 18 F.3d 662, 679 (9th Cir. 1994) (holding that an evidentiary hearing is not necessary where the federal claim can be denied on the basis of the state court record, and where the petitioner's allegations, even if true, do not provide a basis for habeas relief).

Finally, the Court declines to issue a Certificate of Appealability because Petitioner has not shown that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**CONCLUSION AND ORDER**

The Court **ADOPTS AS MODIFIED** the findings and conclusions of the Magistrate Judge as set forth above, **DENIES** the Petition for a writ of habeas corpus, and

**DECLINES TO ISSUE** a Certificate of Appealability.  The Clerk shall enter judgment accordingly.

DATED: July 10, 2017

_____
BARRY TED MOSKOWITZ
UNITED STATES DISTRICT JUDGE